**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 26-1017**

MICHAEL CHATMAN,

       Plaintiff - Appellant,

    v.

PETER B. HEGSETH, Secretary of Defense; CHRISTINE E. WORMUTH, Secretary of the Army; LT. GEN DAVID G. BASSETT, Defense Contract Management Agency,

       Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, District Judge.  (1:24-cv-01585-LMB-WFF)

Submitted:  July 23, 2026                    Decided:  July 28, 2026

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Michael Chatman, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Chatman seeks to appeal the district court's order granting Defendants summary judgment on Chatman's civil claims, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party in a civil case, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on August 22, 2025, and the appeal period expired on October 21, 2025. Chatman filed the notice of appeal on November 25, 2025. Because Chatman failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*]

---

[*] Chatman sought an extension of the appeal period but, because he did not file the motion for an extension within 30 days of the expiration of his time to appeal, the district court was prohibited from granting an extension under Rule 4(a)(5). *See* 28 U.S.C. § 2107(c) (permitting extension of appeal period "upon motion filed not later than 30 days after the expiration of the time otherwise set for bringing appeal"); *see also* Fed. R. App. P. 4(a)(5) (giving effect to § 2107(c)); *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19, 25-27 (2017) (explaining that statutory time limits under Rule 4(a) are jurisdictional "if Congress sets the time"). Moreover, Chatman did not claim to have (Continued)

2

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

received delayed notice of the district court's final judgment, as required for a reopening of the appeal period under Rule 4(a)(6).